UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| AUSTIN ALLEN METZLER and DENISE LEE NICHOLSON, | CIVIL ACTION |
| Plaintiffs, | |
| v. | COMPLAINT 4:17-cv-00037 |
| U.S. BANK NATIONAL ASSOCIATION d/b/a ELAN FINANCIAL SERVICES d/b/a CARD MEMBER SERVICE, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW come AUSTIN ALLEN METZLER ("Austin") and DENISE LEE NICHOLSON ("Denise") (collectively "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of U.S. BANK NATIONAL ASSOCIATION d/b/a ELAN FINANCIAL SERVICES d/b/a CARD MEMBER SERVICE ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Austin is a 44 year-old natural person residing at 2505 Elliott Avenue, New Albany, Indiana, which falls within the Southern District of Indiana.

5. Austin is a "person" as defined by 47 U.S.C. §153(39).

6. Austin is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

7. Denise is a 50 year-old natural person residing in New Albany, Indiana, which falls within the Southern District of Indiana.

8. Denise is a "person" as defined by 47 U.S.C. §153(39).

9. Denise is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

10. Defendant provides credit card transaction management services, prepaid solutions, and corporate payment systems nationwide, including in Indiana. Defendant's principal place of business is located at 824 North 11th Street, St. Louis, Missouri.

11. Defendant is a "person" as defined by 47 U.S.C. §153(39).

12. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

13. Defendant's collection calls to Plaintiffs were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

15. In approximately the middle of 2016, Denise began receiving calls from Defendant to her cellular phone, (812) XXX-2834.

16. From the time Defendant began calling Plaintiffs, until approximately January 2017, Denise was the account owner, primary user, and was financially responsible for the cellular phone ending in 2834.

17. When Denise would answer calls from Defendant, she experienced a brief pause, lasting approximately four to five seconds in length, before a live representative began speaking.

18. Upon speaking with one of Defendant's representatives, Denise demanded that it stop contacting her, and its representative informed her that it would place her on its no-call list.

19. Despite Denise's demands and Defendant's assurances, it continued to call her cellular phone up until the end of 2016, when she was forced to obtain a new phone number due to the harassing phone calls.

20. Defendant has called Denise's phone multiple times in the same day, even after being told to stop calling.

21. Since asking it to stop calling, Defendant called Denise's cellular phone at least 15 times.

22. In approximately January 2017, Denise was forced to obtain a new phone number due to Defendant's actions, and Denise gave her old cellular phone ending in 2834 to her boyfriend, Austin.

23. Since approximately January 2017, Austin was the account owner, primary user, and was financially responsible for the cellular phone ending in 2834.

24. When Austin would answer calls from Defendant, he experienced a brief pause, lasting approximately four to five seconds in length, before a live representative began speaking.

25. Upon speaking with one of Defendant's representatives, Austin demanded that it stop contacting him, and its representative informed him that it would place him on its no-call list.

26. Despite Austin's demands and Defendant's assurances, it has continued to call his cellular phone up until the present day.

27. Defendant has called Austin's phone multiple times in the same day, even after being told to stop calling.

28. Since asking it to stop calling, Defendant called Austin's cellular phone approximately 12 times per week.

29. Defendant has most often used the phone number (877) 838-4347 to call Plaintiffs' cellular phone.

30. Upon information and belief, the phone number ending in 4347 is regularly utilized by Defendant to contact consumers during its debt collection activity.

31. Frustrated over Defendant's conduct, Plaintiffs spoke with Sulaiman regarding their rights, resulting in expenses.

32. With the goal of ending Defendant's conduct, Plaintiffs have purchased and maintained an application on their cellular phone to block the calls.

33. Plaintiffs have incurred costs and expenses that they would not have otherwise suffered if not for Defendant's calls, including the loss of cellular phone capacity.

34. Plaintiffs have suffered financial loss as a result of Defendant's actions.

35. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

36. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending

calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phone, and diminished space for data storage on their cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
(AUSTIN AND DENISE AGAINST DEFENDANT)

37. Plaintiffs repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

38. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

39. Defendant used an ATDS in connection with its communications directed towards Plaintiffs' cellular phone. The brief pause, lasting approximately four to five seconds in length, that Plaintiffs experienced during answered calls from Defendant before being connected to a live representative is instructive that an ATDS was being utilized to generate the phone calls. Similarly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

40. Defendant violated the TCPA by placing phone calls to Plaintiffs' cellular phone using an ATDS without their consent. Austin never gave Defendant consent to contact him but he told it to stop contacting him regardless. Any consent that Denise *may* have given was explicitly revoked by her demands to cease calling her cellular phone.

41. After Plaintiffs notified Defendant to stop calling them, it continued to systematically place calls to their cellular phone on a regular basis.

5

42. The calls placed by Defendant to Plaintiffs were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

43. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiffs for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiffs are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs, AUSTIN ALLEN METZLER and DENISE LEE NICHOLSON, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiffs costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiffs; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT
(AUSTIN AND DENISE AGAINST DEFENDANT)

44. Plaintiffs repeat and reallege paragraphs 1 through 43 as though fully set forth herein.

45. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

46. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

47. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiffs. Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiffs. Defendant was specifically notified by Plaintiffs on a number of occasions that they did not wish to be contacted. Austin never gave Defendant consent to contact him, and any consent that Denise *may* have given to Defendant to be contacted via an ATDS was revoked. Despite these instructions by Plaintiffs, Defendant doubled-down on its efforts by ramping up the call volume to Plaintiffs in an abusive attempt to harass them into submission.

48. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiffs through means of an ATDS. However, Defendant's fraudulent representations did not stop at just actions. Defendant made knowingly false statements to Plaintiffs regarding removing their information from its system. Despite notifying Plaintiffs that their information would be removed, Defendant continued its onslaught of phone calls to their cellular phone. Upon information and belief, Defendant engages in the conduct described throughout this complaint on a systematic and frequent basis. It does so knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

49. Placing numerous calls within a short window was abusive to Plaintiffs. Defendant intended to harass Plaintiffs into submission by causing their phone to ring repeatedly.

50. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiffs. Defendant intended that Plaintiffs rely on its illegal behavior. The IDCSA

was designed to protect consumers, such as Plaintiffs, from the exact behavior committed by Defendant.

51. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

52. Defendant's conduct is part of an incurable deceptive act to which notice would not remedy. Although unsuccessful, Plaintiffs made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting them. The fact that Defendant was provided with multiple notices to stop calling and refused to abide by said notices, evidenced by calling Denise at least 15 times after she told it to stop, and calling Austin approximately 12 times per week after he told it to stop, shows that its behavior is incurable.

53. Defendant's conduct is part of a systematic scheme to fraudulently contact consumers in Indiana. Defendant conducts the same type of behavior on a wide and frequent basis, which goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

54. In addition to inhibiting Plaintiffs' time and energy, as pled in paragraphs 31 through 36, Plaintiffs have suffered damages as a result of Defendant's unlawful conduct, including spending money on the purchase of a blocking application. Plaintiffs are entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiffs, AUSTIN ALLEN METZLER and DENISE LEE NICHOLSON, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiffs costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiffs; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 22, 2017                                     Respectfully submitted,

s/ Nathan C. Volheim                                         s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                             Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                        Counsel for Plaintiff
Admitted in the Southern District of Indiana                 Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.                                     Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                               900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                                    Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                                  (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                         (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                     thatz@sulaimanlaw.com